## HOLLYWOOD WATER HEATER CO.
### v.
## HOLLYMATIC CORPORATION.
### Patent Appeal No. 6459.

United States Court of Customs
and Patent Appeals.
Feb. 2, 1960.

Beehler & Shanahan, Los Angeles, Cal. (Edmond F. Shanahan, Los Angeles, Cal., of counsel), for appellant.

Schroeder, Hofgren, Brady & Wegner, Jules L. Brady, Richard S. Phillips, Chicago, Ill. (John Rex Allen, Chicago, Ill., of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and JOHNSON (retired), Judges.

SMITH, Judge.

Appellant filed application serial No. 673,100 on September 13, 1954 for registration on the Principal Register of the mark "Hollymatic" for automatic water heaters, home heating appliances and cooking ranges with oven and broiler attached or detached, asserting August 12, 1954 as the date of its first use of the mark.

Appellee asserts use since July 19, 1945 of its mark "Hollymatic" on automatic electrically operated hamburger patty molding machines, registered by it on September 20, 1949, as registration No. 515,526.

Appellee filed notice of opposition to registration of appellant's mark asserting that appellant's mark is not registrable under Section 2(d) of the Trademark Act of 1946, 15 U.S.C.A. § 1052(d). Appellee asserts that confusion or mistake or deception of purchasers will be likely if these identical marks are applied to the goods of the respective parties.

The present appeal was taken from the decision of the Assistant Commissioner which sustained the opposition (see 115

USPQ 421) which decision was adhered to upon reconsideration (see 116 USPQ 161).

The marks being identical and appellee's prior use being conceded, the only issue here presented is whether there is likely to be confusion, mistake or deception of purchasers when the mark "Hollymatic" is used on the goods of appellant.

We agree with the examiner's characterization of the mark "Hollymatic" as a "coined arbitrary term" and pass to a consideration of the record as to the likelihood of confusion, mistake or deception. Stipulations of facts and exhibits attached thereto were submitted by each party to support its position.

The stipulated evidence shows that appellee has sold its "Hollymatic" hamburger patty molding machines on a nationwide scale, through approximately 200 authorized dealers, to a variety of ultimate purchasers including:

1. Supermarkets, meat markets and food establishments having meat markets,

2. Restaurants of all types, drug stores, universities and schools, government agencies, institutions, and

3. Meat wholesalers, meat packing plants and meat processors.

While the stipulation of facts establishes that sales by appellee through 1955 totalled $4,724,707 and that it had advertising expense for the same period of $233,590, it does not show that these sales were of machines on which the mark "Hollymatic" was used, nor does it state that the advertising expense was incurred in connection with goods upon which the mark "Hollymatic" was used. Such information is, therefore, of no value in resolving the issue before us and has been disregarded.

The stipulated evidence also shows that appellant for approximately 30 years has manufactured and sold gas-fired, automatic water heaters. Until about 1945 or 1946 such heaters were sold under the trademark "Hollywood." This mark was then discontinued and the mark "Holly Glen" was adopted and used until about 1954 when appellant adopted and commenced using the mark "Hollymatic."

Appellant, in asserting that the automatic gas-fired water heaters on which it uses the mark are so different from the goods on which appellee uses the mark that no mistake, confusion or deception is likely, ignores the changes made by the Trademark Act of 1946 and is founded upon the mistaken assumption that appellee is entitled to protection of its mark only with respect to specific goods, i. e., electrically operated hamburger patty molding machines. We reject appellant's position. Section 2(d) of the Trademark Act of 1946 and the unquestioned weight of modern authority in this field does not require a finding of confusing similarity of goods as the basis for sustaining a trademark opposition but instead requires us to determine whether it is "likely" that the mark when applied to the goods of the applicant will cause confusion or mistake or deceive purchasers.

It seems to us likely that purchasers of the goods for which appellant wishes to register the mark would be confused as to the source or origin of gas-fired automatic water heaters and electrically operated hamburger patty molding machines when they are both sold under the same mark. We think that the purchasers and users of the goods in question could well be the same persons and that the goods are not so different in character as to preclude the impression, created by the use of identical trademarks, that they have the same source or origin. The record herein contains no facts which negative this likelihood of purchaser confusion which we visualize.

The decision of the Commissioner is affirmed.

Affirmed.

JOHNSON, J., did not participate in decision.