MARTIN, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Patent Office Trademark Trial and Appeal Board, 133 USPQ 698, dismissing an opposition to registration of the word CASCADE as a trademark for a prepared baking mix. Appellee-applicant alleges use of the mark since 1959.
Appellant-opposer is the owner of the registered mark CASCADE, used either alone or in association with additional material for whiskey.[1] Appellant’s stipulated testimony shows that it, through its predecessor in title, first used the mark CASCADE on whiskey in the year 1870, that CASCADE whiskey has been advertised in newspapers, magazines, trade publications and has been the subject of outdoor advertising, direct mail advertising, and point-of-sale advertising. .
Since the parties are using the identical mark, the only issue is whether or not the concurrent use of CASCADE upon the respective goods of the parties is likely to cause confusion or mistake, or to deceive purchasers within the meaning of 15 U.S.C. 1052(d).
Appellant contends that “Diversification of industrial enterprises (a pattern with which the general public is familiar) has produced many conglomerate acquisitions ‘in which there is little or no discernible relation between the business of the purchasing and the acquired firm.’ ” Consequently, it is urged that it would not be unusual for members of the general public to believe that some connection existed between the producers of the whiskey and the prepared baking mix bearing the identical trademark. Also, appellant urges that it should prevail because use of CASCADE by appellee will dilute its trademark upon which it has spent approximately $5,000,000 in advertising and under which it has sold about sixty million dollars worth of whiskey.
Appellee, and the other hand, contends that the respective goods upon which the parties use the trademark CASCADE are so unrelated as to preclude likelihood of confusion, mistake or deception. *1324 Appellee argues that the public is well aware of the fact that the same trademark may be used by a number of manufacturers on a variety of goods.
First it may be well to consider appellant’s statement, in support of its position, that it should prevail because “The public would conclude that each product was made by the same company, or by related companies, and by this confusion of sources the value of the trademark ‘CASCADE’ of appellant is diluted and weakened.” We believe that if there is likelihood of purchaser confusion the opposition should be sustained regardless of the question of whether use by appellee dilutes the mark. On the other hand, if likelihood of confusion does not exist, use by appellee of CASCADE for its prepared baking mix, which use might dilute the selling power or whittle away the mark’s uniqueness, cannot be considered by us as a basis for rendering judgment in favor of appellant because without purchaser confusion there can be no “dilution.”
As to the question of likelihood of confusion, we are of the opinion that the use by appellee of CASCADE for prepared baking mix and the use of the same mark by appellant for whiskey is not likely to cause purchaser confusion. We agree with the board, which stated:
* * * baking mix and. whiskey are so totally unrelated in all material respects that purchasers thereof would not be likely to assume that they originate from a single source merely because of the identity of the marks.
Appellant argues that since both products are made from grain that this factor would cause confusion among purchasers. We do not believe that the purchasers of these products are likely to be confused because of this fact.
We have considered appellant’s contention that, because of the policy of many companies to make and sell diversified products, purchasers of its whiskey are likely to conclude that it is now marketing prepared baking mix. However, we do not believe appellant has correctly analyzed this proposition.
It is true that there is great diversification of products by companies these days but that fact in and of itself does not portend that purchaser confusion will be likely whenever a company uses a trademark for one product and another company uses the same trademark for an unrelated product. Although the public may be aware of this diversification, it is also aware of the fact that companies usually have different trademarks for their various diversified products.
There may be some instances where a widely known arbitrary trademark is being used for diversified products emanating from one source and confusion would be likely if a newcomer used the same mark on unrelated goods, but there is nothing in the record which *1325 convinces ns that the public would consider that CASCADE, being used by appellant only for whiskey, falls into that category.
For the foregoing reasons we affirm the decision of the board.

 Reg. No. 30,156, Issued June 8, 1897 to a predecessor, re-renewed; Reg. No. 44,513, Issued July 11,1905 to a predecessor re-renewed; and Reg. No. 44,785, issued July 25, 1905 to a predecessor, re-renewed.