**PHILIP MORRIS INCORPORATED,** Appellant,

v.

**K2 CORPORATION and Cummins Engine Company, Inc.,** Appellees.

Patent Appeal No. 76–740.

United States Court of Customs and Patent Appeals.

June 2, 1977.

Anthony L. Fletcher, Victor H. Tinucci III, New York City (Conboy, Hewitt, O'Brien & Boardman, New York City), attorneys of record, for appellant.

James R. Uhlir, Seattle, Wash. (Graybeal, Barnard & Uhlir, Seattle, Wash.), attorneys of record, for appellee.

---

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

RICH, Judge.

This appeal is from the Trademark Trial and Appeal Board (board) sustaining appellees' opposition to appellant's application for registration of the mark "K2" for "filter cigarettes." Appellee K2 Corporation is the owner of a registration of the mark "K2" for "snow skis." Familiarity with the board's opinion, which appears at 192 U.S. P.Q. 174 (1976), is assumed. We affirm.

## OPINION

We find no error in the board's ultimate conclusion. While the goods involved may not be competitive or intrinsically related, other factors are present which indicate that appellant's mark so resembles appellee K2 Corporation's registered mark as to be likely, when applied to appellant's goods, to cause confusion. First, appellant's mark and appellee K2 Corporation's registered mark are identical. Second, appellee K2 Corporation's mark for skis is arbitrary. While appellant has discovered the fact that K2 is one of three names for a certain mountain in northern Kashmir, it appears that those who might be aware of this fact would also know that that mountain is the second highest in the world. Association with mountain climbing (of the most rigorous sort) might perhaps be natural, but association with skiing would not appear to be so, at least on this record. Third, the record shows that the involved goods of both parties are advertised in the same magazines. It would not be unusual for consumers, simultaneously confronted with the same arbitrary mark for intrinsically unrelated goods, to assume a relationship between the sources of the goods.

Other facts peculiar to this case, as fully set forth in the board's opinion, indicate that consumers would be more likely to make an assumption of common source or sponsorship than would otherwise be the case. Appellant is a diversified company in an industry apparently known for its diversification. It has in the recent past associated cigarettes and skiing by sponsoring widely publicized skiing events, which it chose to name after one of its well-known brands of cigarettes, Benson & Hedges. Appellee K2 Corporation sponsored skiers at these events and its "K2" mark was prominently displayed. On these facts, consumers could very well assume related origins for the involved goods, for reasons fully developed by the board, and whatever doubt there may be on this point must be resolved against appellant, since it is the newcomer.

Since we agree with the board on the likelihood of confusion issue, its decision sustaining the opposition is *affirmed*.

*AFFIRMED.*

BALDWIN, Judge, dissenting.

I do not believe that the use of K2 is likely, when used on snow skis and cigarettes, to cause confusion as to the source of the goods. This is an extreme case of unrelated goods.