91 F.3d 166
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
(Cancellation No. 20,710) Robert CORNWELL and Kent Collins,
substituted for Robert A. Schartz, Appellants,
v.
AMERICAN AUTOMOBILE ASSOCIATION, INC., Appellee.
 United States Court of Appeals, Federal Circuit.
 Decided April 23, 1996.
 
 Before PLAGER and BRYSON, Circuit Judges and NIES, Senior Circuit Judge.
 NIES, Senior Circuit Judge.
 
 
 1
 This appeal presents the question of whether use of AAA as a mark for "general legal services" is likely to cause confusion with prior use of AAA as a mark for reimbursement for legal services, a service provided by the American Automobile Association and its affiliates (AAA). In Cancellation Proceeding No. 20,710, the Trademark Trial and Appeal Board concluded that confusion between the respective uses of AAA was likely and granted the petition of the American Automobile Association to cancel Reg. No. 1,570,443 owned by Robert Cornwell and Kent Collins covering AAA for general legal services. (Slip op., March 17, 1995.) Cornwell and Collins appeal. We affirm.
 
 I.
 
 2
 Although better known as a provider of emergency road assistance and automobile travel and trip planning services, appellee AAA, through all of its nine operating divisions and many of its affiliated motor clubs, offers a variety of other services under its AAA service mark, including the reimbursement of fees for legal services of members incurred in connection with the defense of certain traffic violations and personal injury litigation resulting from automobile accidents. While appellee has a number of registrations for the mark AAA and AAA on an oval background for various services rendered to motor vehicle owners, the only registration it has obtained specifically covering reimbursement of funds for legal services is Registration No. 1,327,400 issued March 26, 1985, for the mark AAA PLUS. The registration also covers emergency road service and travel services. Appellee proved, however, that all of these services have been promoted and offered under the AAA mark alone, that is, without the word PLUS or other embellishment, since long before appellants' use and registration of AAA for general legal services.
 
 
 3
 Appellants' principal argument for reversal of the Board's decision is based on the difference in the respective services of the parties. However, the Board rejected appellants' argument that the service of legal fees reimbursement by AAA has nothing to do with the offering of general legal services, and that the two activities are completely unrelated services. The Board noted that the advertisement for appellants' legal services, displaying AAA as its mark, prominently included "auto accidents" and "personal injury" claims. Inasmuch as AAA members select the attorney for whom they may request reimbursement, the Board concluded that AAA members searching for an attorney would be likely to believe mistakenly that law offices offering representation in automobile accident and personal injury cases under the mark AAA are in some manner under the auspices of appellee. This is a legal basis for holding that there is a likelihood of confusion. Philip Morris Inc. v. K2 Corp., 555 F.2d 815, 816, 194 USPQ 81, 82 (C.C.P.A.1977); American Drill Bushing Co. v. Rockwell Mfg Co., 342 F.2d 1019, 1022-23, 145 USPQ 144, 146 (C.C.P.A.1965). Moreover, appellee has shown many of the services offered under the AAA service mark, such as the emergency road services of towing, jump starts, and the like, are provided by independent service stations which have limited rights to use the AAA mark. Thus, members familiar with the provision of such services under the AAA mark and with appellee's legal fee reimbursement service would likely believe an AAA law office is another entity which is authorized or approved by appellee to use its service mark.
 
 
 4
 We have considered appellants' other arguments including the assertion that AAA is a mark widely used by others in connection with other types of services which are related to other services of appellee. However, there is no evidence of third party uses for legal services. The only evidence is that appellee objected to two other users of AAA for legal services and that these uses ceased. Appellants' remaining arguments, based on the factors set out in In re E.I. duPont de Nemours & Co., 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A.1973), have been adequately addressed in the Board's opinion and need no further comment.
 
 
 5
 In sum, we agree with the Board that legal services offered under the mark AAA would be likely to be attributed to appellee.
 
 Conclusion
 
 6
 For the foregoing reasons, we affirm on the basis of the Board's opinion.