# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

_____

No. 99-51145

_____

ADVANTAGE RENT-A-CAR, INC.

Plaintiff-Counter Defendant-Appellee,

VERSUS

ENTERPRISE RENT-A-CAR, CO.

Defendant-Counter Plaintiff-Appellant.

_____

Appeal from the United States District Court
For the Western District of Texas

_____

January 22, 2001

Before: GOODWIN[1], GARWOOD and JONES, Circuit Judges.

GOODWIN, Circuit Judge:

Enterprise Rent-A-Car Company (Enterprise) appeals the judgment and order

denying Enterprise's post-judgment motion, which disposed of all claims between

Enterprise and Advantage Rent-A-Car, Inc. (Advantage)  under the Federal

_____

[1]Circuit Judge of the Ninth Circuit, sitting by designation.

Trademark Dilution Act (FTDA) and the Texas, Louisiana, Arkansas, and New Mexico anti-dilution statutes over use of the slogan "We'll Pick You Up."

## FACTUAL & PROCEDURAL BACKGROUND

Both Enterprise and Advantage are rental car companies. The rental car market is divided into two segments: one that caters primarily to business and leisure travelers and one that provides replacement cars to drivers whose cars are in the shop for repair. Both companies are active in both segments.

In 1990, Advantage produced a television commercial that depicted an actor holding a steering wheel. A voice-over discussed the various reasons the actor might need a rental car. At the end of the commercial, a taller actor entered and lifted the first actor off the ground and into his arms, while the voice-over stated: "We'll even pick you up." The commercial aired on the Spurs Network at least 24 times in 1992, at least 12 times in 1993, at least 17 times in 1994, and at least 49 times by the end of the professional basketball season in May 1995. From August 1997 to April 1998, the commercial aired 289 times on Fox Sport Southwest. The commercial is the only advertising piece in which Advantage employed the phrase "We'll Even Pick You Up." Although Advantage has received several federal registrations for various slogans, it did not file an application to register the phrase "We'll Even Pick You Up" until May 3, 1999.

Meanwhile, Enterprise began using the phrases "Pick the Company that Picks You Up" and "Pick Enterprise, We'll Pick You Up" from 1994-1995. It first used the slogan "We'll Pick You Up" in 1994 and obtained federal service mark registrations for "Pick Enterprise. We'll Pick You Up" on January 16, 1996 and "We'll Pick You Up"on August 5, 1997. Enterprise estimates that it has spent more than $130 million on advertising containing the slogan, "We'll Pick You Up." It has used the slogan in all of the media forms in which it advertises, including print ads, yellow pages, radio ads, and commercials shown on prime time national television on major broadcast networks and cable stations. Approximately 75 percent of Enterprise's advertising includes the phrase "We'll Pick You Up." Enterprise has won marketing awards for its advertising campaign involving the "We'll Pick You Up" slogan.

Both Enterprise and Advantage became aware that variations of the slogan "We'll Pick You Up" were appearing in advertisements, and after some correspondence back and forth, Advantage filed suit against Enterprise. Enterprise answered that it did not infringe on Advantage's right in the phrase, and counterclaimed against Advantage. Enterprise asserted that Advantage had infringed Enterprise's federally registered "We'll Pick You Up" slogan and was diluting Enterprise's rights in the slogan.

Advantage moved for summary judgment against Enterprise's FTDA dilution claim on the ground that the FTDA expressly provides relief only if the accused use "begins after the mark has become famous," 15 U.S.C. §1125(c)(1), and that the FTDA could not be applied retroactively against Advantage's use of its slogan. Whether or not Enterprise had attained fame with its slogan became the principal issue in the case.

After months of discovery, the parties narrowed the issues by entering into a partial consent judgement on May 24, 1999. They agreed that due, at least in part, to the presence of their respective company names in conjunction with the phrases, consumers were not confused by the competing advertisements that used the slogans. As a result of the partial consent judgment, Advantage's claims against Enterprise dropped out of the case, and only Enterprises claims for dilution under the FTDA and under the four state dilution statutes remained.

After trial, the district court entered a judgment that denied Enterprise relief on any of its dilution claims. Having found that Enterprise did not demonstrate that its mark was sufficiently famous or distinctive, the district court did not reach the questions whether: (1) Enterprise's claim under the FTDA must fail because of Advantage's prior use of its slogan; (2) Enterprise's claim under the FTDA must fail because the FTDA does not apply retroactively; (3) Enterprise met its burden of

proof on dilution and/or likelihood of dilution; or (4) Enterprise met its burden of proof by clear and convincing evidence that Advantage abandoned its rights in its slogan. The district court dismissed Advantage's pending motions for summary judgment as moot.

Enterprise then filed a motion under FRCP 52 and 59, in which it requested that the district court: (1) amend its conclusions of law and reach new conclusions by applying the statutory factors on fame under the FTDA and (2) enter judgment in favor of Enterprise on the "fame requirements of the FTDA and the Arkansas and New Mexico anti-dilution statutes, and on the less stringent "distinctiveness" standard of the Texas and Louisiana anti-dilution statutes.

The district court denied Enterprise's post-judgment motion, and Enterprise appealed.

## DISCUSSION

To prevail on its federal dilution claim, Enterprise must prove that its slogan is "famous and distinctive;" that Advantage adopted its mark after Enterprise's had become "famous and distinctive;" and that Advantage caused dilution of Enterprise's mark. Westchester Media v. PRL USA Holdings, Inc., 214 F.3d 658, 670 (5th Cir. 2000). Enterprise must prove actual economic harm. See id. The New Mexico and Arkansas anti-dilution statutes also require that the mark be famous.

See AR ST §4-71-213 and NM ST §57-3B-15.

The district court disposed of the federal dilution claim on the ground that Enterprise's slogan was insufficiently famous for the states' or the FTDA's anti-dilution protections to attach. It conducted an impressive review of dilution law and noted that the FTDA provides a nonexclusive list of factors that courts may consider in deciding whether a mark is distinctive and famous for dilution purposes.[2]

To the extent that the district court's opinion can be read to suggest that Enterprise needed to prove fame beyond its market, we disagree. Rather, we agree with the Seventh Circuit, which has rejected this reading of the statute. See Syndicate Sales Inv. v. Hampshire Paper Corp., 192 F.3d 633, 640 (7th Cir. 1999). See also Restatement (Third) Of Unfair Competition §25 cmt. e (1995) (stating that "[a] mark that is highly distinctive only to a select class or group of purchasers may

---

[2] The FTDA provides:

> In determining whether a mark is distinctive and famous, a court may consider factors such as, but not limited to--
> (A) the degree of inherent or acquired distinctiveness of the mark;
> (B) the duration and extent of use of the mark in connection with the goods or services with which the mark is used;
> (C) the duration and extent of advertising and publicity of the mark;
> (D) the geographical extent of the trading area in which the mark is used;
> (E) the channels of trade for the goods or services with which the mark is used;
> (F) the degree of recognition of the mark in the trading areas and channels of trade used by the marks' owner and the person against whom the injunction is sought;
> (G) the nature and extent of use of the same or similar marks by third parties; and
> (H) whether the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register.

15 U.S.C. § 1125(c)(1). The language of the Arkansas and New Mexico statutes is identical. See AR ST §4-71-213 and NM ST §57-3B-15.

be protected from diluting uses directed at that particular class or group"). Enterprise needed only to show that its "We'll Pick You Up" mark is famous within the car rental industry, not in a broader market.

Enterprise did not prove that its slogan was sufficiently "famous," even within the car rental market. As the district court explained, dilution is an extraordinary remedy, and Enterprise failed to prove that such common, descriptive words as "we'll pick you up" should be given monopoly protection in favor of an early user any more than such words as "we deliver" or "we pay the postage."

However, the district court's holding that the Texas and Louisiana anti-dilution statutes require a mark to be famous is unsupported by state law. The court's only explanation for its conclusion that fame was necessary under Texas and Louisiana appeared in parenthetical citations to J. Thomas McCarthy, Trademarks and Unfair Competition (4th ed. 1999) §2:108 (noting that [w]ithout such a requirement, an anti-dilution statute becomes a rogue law that turns every trademark, no matter how weak, into an anti-competitive weapon") and Exxon Corp. v. Oxxford Clothes, Inc., 109 F.3d 1070, 1081 n. 14 (5th Cir. 1997) (stating that "[i]t is clear that anti-dilution statutes. . . are designed to protect only strong, well-recognized marks").

The Texas anti-dilution statute explicitly requires only distinctiveness, not

fame. Courts applying the statute have not required fame for a party to prevail on a dilution claim. Under Texas law, to determine whether a mark is distinctive enough for dilution, the court considers factors much like those used in the FTDA fame analysis: whether the mark is arbitrary, the length of time the user has employed the mark, the scope of the user's advertising and promotions, the nature and extent of the first user's business, and the scope of the first user's reputation. See Pebble Beach Co. v. Tour 18 I, Ltd., 942 F.Supp. 1513,1565 (S.D.Tex 1996) aff'd as modified, 155 F.3d 526, rehearing denied. The court added that "a somewhat stricter standard is to be applied in determining 'strength' in dilution analysis than in likelihood of confusion analysis." Id.

Like the Texas statute, the Louisiana statute requires distinctiveness, not fame. Louisiana courts have provided little guidance on the meaning of distinctiveness for dilution purposes. In Prudhomme v. Procter & Gamble Co., 800 F.Supp. 390, 395 (E.D. La. 1992), the court noted that the anti-dilution statute protects a mark based upon its strength and that "such strength can be demonstrated by showing a mark to either be distinctive or to have acquired a secondary meaning." Id.

Louisiana courts have not addressed the issue whether the distinctiveness required for dilution purposes is different from the distinctiveness required for

trademark infringement purposes.  The Supreme Court of Louisiana has followed federal Supreme Court precedent in interpreting the state's distinctiveness requirement to mean that the mark must either be inherently distinctive or have acquired distinctiveness through secondary meaning in the context of trademark infringement, but it has not made clear whether these requirements extend to dilution cases.  See Gulf Coast Bank v. Gulf Coast Bank & Trust Co., 652 So.2d 1306 (La. 1995) (discussing Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763 (1992)).

There appears to be no basis for the district court's holding that the Louisiana and Texas statutes require fame.   Although there seems to be no established difference between fame under the FTDA and distinctiveness under the Texas and Louisiana statutes, principally because both are such nebulous standards, the substantive difference, if any, is one of degree.

Accordingly, we AFFIRM the district court's holding that "We'll Pick You Up" is insufficiently famous for the FTDA and the New Mexico and Arkansas anti-dilution statutes, but VACATE and REMAND for a determination whether it is sufficiently distinctive under Texas or Louisiana law.

Neither party to recover costs on appeal.