**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
**Trademark Trial and Appeal Board**
2900 Crystal Drive
Arlington, Virginia 22202-3513

Mermelstein

Mailed: March 26, 2002

Opposition No. 120,101

Enterprise Rent-A-Car
Company
v.

Advantage Rent-A-Car,
Inc.

**Before Bucher, Rogers and Drost, Administrative Trademark
Judges.**

**By the Board:**

On March 26, 2001, applicant filed a "motion to dismiss
for failure to state a claim." Because applicant's motion
relied upon matters outside of the pleadings,[1] the Board
notified the parties by order dated April 2, 2001, that the
motion would be treated as one for summary judgment.[2] *See*
Fed. R. Civ. P. 12(b). With its brief in opposition to
applicant's motion for judgment, opposer filed a motion to
amend its notice of opposition to add claims for relief
under state dilution statutes. Applicant filed a reply in

---

[1] Specifically, applicant relies on the opinion and judgment on
appeal in a civil action between the parties herein, *Advantage
Rent-A-Car Inc. v. Enterprise Rent-A-Car Co.*, 238 F.3d 378, 57
USPQ2d 1561, 1562-63 (5th Cir. 2001).
[2] To avoid confusion, applicant's motion is referred to herein as
a motion for summary judgment.

support of its motion for summary judgment (which we have considered) and an opposition to opposer's motion to amend. Finally, on July 2, 2001, opposer filed a motion to file a surreply to the motion for summary judgment, along with its proffered surreply.

**MOTION FOR LEAVE TO FILE SURREPLY**

Trademark Rule 2.127(e)(1) states that "The Board may, in its discretion consider a reply brief. * * * *No further papers in support of or in opposition to a motion for summary judgment will be considered by the Board*." (emphasis added.)  *See also, No Fear Inc. v. Rule*, 54 USPQ2d 1551, 1553 (TTAB 2000) (reply briefs are disfavored; no further papers may be considered under Board's rules).

The quoted language of Rule 2.127(e)(1) leaves the Board with no discretion in this matter.  Even if it did, however, we would not exercise it to consider the surreply in this case.  There must be an end to every argument and a party's desire to have the last word is not a sufficient ground to ignore the Board's rules for briefing.  Opposer's motion is DENIED, and its surreply has not been considered.

**MOTION FOR LEAVE TO AMEND PLEADING**

Opposer now seeks leave to amend its notice of opposition to add claims for dilution based on state law.[3]

---

[3] Specifically, opposer wishes to plead grounds for opposition arising under the anti-dilution statutes of Alabama, California, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois,

Under Fed. R. Civ. P. 15(a), once a responsive pleading is filed, a party may amend a pleading only by leave of the court, "and leave shall be freely given when justice so requires."

Consistent with the exhortation in Fed. R. Civ. P. 15(a), the Board is liberal in granting leave to amend, provided the amendment would not violate settled law or be prejudicial to the rights of the adverse party. *E.g., Polaris Industries Inc. v. DC Comics*, 59 USPQ2d 1798, 1799 (TTAB 2000); TBMP § 507.01 (and cases cited therein). However, the Board will deny a motion for leave to amend if the proffered pleading is itself legally insufficient, or would serve no useful purpose. *Polaris*, 59 USPQ2d at 1798.

Prejudice to applicant is not an issue in this case. Trial has not yet begun, and the Board could easily ameliorate any difficulty resulting from amendment by extending the discovery period. *See, e.g.*, *Buffett v. Chi-Chi's, Inc*., 226 USPQ 428, 431 (TTAB 1985). Nonetheless, we deny opposer's motion, because the Board has no jurisdiction to decide issues arising under state dilution laws.

A review of the history of dilution claims before the TTAB is instructive. Prior to 1995, many states recognized claims for trademark dilution. It had long been held,

---

Iowa, Louisiana, Maine, Massachusetts, Minnesota, Mississippi, Missouri, Montana, Nebraska, New Hampshire, New York, Oregon,

however, that claims for dilution were not a cognizable ground for opposition or cancellation before the Board. *E.g.*, *Max Factor & Co. v. Clairol Inc.*, 163 USPQ 240, 243 (TTAB 1969); *Geo. A. Dickel Co. v. General Mills, Inc.*, 317 F.2d 954, 137 USPQ 891, 892 (CCPA 1963); *K2 Corp. v. Philip Morris Inc.*, 192 USPQ 174, 177 (TTAB 1976), *aff'd*, 555 F.2d 815, 194 USPQ 81 (CCPA 1977).

In 1995, in order to provide a federal cause of action for trademark dilution, Congress passed the Federal Trademark Dilution Act of 1995 (FTDA). Pub. L. No. 104-98, 109 Stat. 985. The FTDA amended Trademark Act § 43 to provide a remedy for dilution.[4] In *Babson Bros. Co. v. Surge Power Corp.*, 39 USPQ2d 1953 (TTAB 1996), the Board held that while the FTDA provided "a federal cause of action in courts," it did not explicitly or implicitly provide a new ground for opposition or cancellation before the Board. *Babson*, 39 USPQ2d at 1954-55.

Finally, pursuant to the Trademark Amendments Act of 1999 ("TAA"), Pub. L. No. 106-43, 113 Stat. 218, Congress amended the Trademark Act to provide that dilution is a ground for opposition or cancellation proceedings before the Board. In doing so, the legislative history specifically referred to the Board's decision in *Babson*, *see, e.g.,* Cong.

---

Pennsylvania, Rhode Island, Tennessee, Texas, Washington, West Virginia, and Wyoming. Motion, May 14, 2001, p. 2.

Rec. June 22, 1999, S7453-54 (1999) (statement of Sen.

Hatch). To the extent relevant here, the TAA amended

Trademark Act § 13 as follows[5] (wording added by TAA

underlined):

> (a) Any person who believes that he would be damaged
> by the registration of a mark upon the principal
> register, <u>including as a result of dilution under
> section 43(c)</u>, may … file an opposition in the
> Patent and Trademark Office, stating the grounds
> therefor….

Opposer essentially contends that the term "including"

in the TAA has dramatically expanded the Board's

jurisdiction in opposition or cancellation proceedings to

consider as grounds for Board proceedings any claim

asserting a theory by which a "person … believes that he

would be damaged," including those arising under state

dilution statutes. Neither the language of the statute, nor

its legislative history supports such a result.

It seems hardly necessary to note that the Trademark

Trial and Appeal Board is an administrative tribunal,

established by statute for narrow and specific purposes, and

is not a court of general jurisdiction.[6] *Cf.* Trademark Act

§§ 17, 18, 20, 24. To that end, the Board and our primary

---

[4] The FTDA also amended Trademark Act § 45 by inserting a
definition of "dilution."

[5] Trademark Act § 14, governing cancellation proceedings, was
similarly amended by the TAA.

[6] Opposer states that "[t]he proposed amendment is consistent and
in accord with the Fifth Circuit's decision" in a civil suit
between the same parties, arising out of use of the same mark.
However, the Fifth Circuit opinion did not direct opposer to

reviewing court have long rejected claims not specifically grounded in statute, regardless of whether "damage" could be shown. *E.g., Person's Co. v. Christman,* 900 F.2d 1565, 14 USPQ2d 1477, 1481 (Fed. Cir. 1990) (Board cannot adjudicate unfair competition claims); *Kelly Services Inc. v. Greene's Temporaries Inc.*, 25 USPQ2d 1460, 1464 (TTAB 1992) (Board may not entertain a claim for declaratory judgment); *Andersen Corp. v. Therm-O-Shield Int'l, Inc.*, 226 USPQ 431, 432, n. 5 (TTAB 1985) (Board may not hear claims alleging unfair competition under Trademark Act § 43(a)); *Yasutomo & Co. v. Commercial Ball Pen Co.*, 184 USPQ 60, 61 (TTAB 1974) (no authority to hear antitrust claims). In the absence of an explicit legislative grant of authority to do so, the Board may not entertain a claim – even if it is alleged to be related to other matters properly before the Board.[7]

Against this legislative and judicial background, it is impossible to interpret the TAA as amending the Trademark Act in the manner proposed by opposer. It is clear that the portion of the TAA quoted above was intended only to legislatively overturn the ruling in Babson by specifically "including … dilution *under section 43(c),*" Trademark Act

---

bring its state claims before the Board nor did it address the Board's statutory jurisdiction.

[7] The supplemental jurisdiction exercised by Federal courts does not apply to administrative proceedings such as those before the Board. *See* 28 U.S.C. § 1367(a) and (b) ("in any civil action of which the *district courts* have original jurisdiction…." (emphasis added)).

§ 13 (italics added), as a ground for opposition. There is nothing either in the plain language of the statute or in the legislative history to support opposer's interpretation.

Opposer's motion to amend is accordingly DENIED.

### SUMMARY JUDGMENT

As has often been stated, summary judgment is an appropriate method for disposing of cases in which there are no genuine issues of material fact in dispute, thus leaving the case to be resolved as a matter of law. *See* Fed. R. Civ. P. 56(c). The party moving for summary judgment has the initial burden of demonstrating the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), and *Sweats Fashions Inc. v. Pannill Knitting Co*., 833 F.2d 1560, 4 USPQ2d 1793 (Fed. Cir. 1987). A factual dispute is genuine, if, on the evidence of record, a reasonable finder of fact could resolve the matter in favor of the non-moving party. *See Opryland USA Inc. v. Great American Music Show Inc*., 970 F.2d 847, 23 USPQ2d 1471 (Fed. Cir. 1992), and *Olde Tyme Foods Inc. v. Roundy's Inc*., 961 F.2d 200, 22 USPQ2d 1542 (Fed. Cir. 1992). The evidence must be viewed in a light most favorable to the non-movant, and all justifiable inferences are to be drawn in the non-movant's favor. *See Lloyd's Food Products Inc. v. Eli's Inc*., 987 F.2d 766, 25

7

USPQ2d 2027 (Fed. Cir. 1993), and *Opryland USA*, 23 USPQ2d at 1472-73.

**Relevant Facts**

The notice of opposition in this matter was based solely on dilution under Trademark Act § 43(c).[8] Simultaneous with the filing of its notice of opposition, opposer moved for an immediate suspension of this proceeding, noting that the parties were engaged in civil litigation which, in opposer's words,

> will likely be dispositive on the ground (i.e., dilution) upon which Enterprise is opposing Advantage's application to register "We'll Even Pick You Up." Thus, the proceedings before the Board would be unnecessarily duplicative of the litigation in the civil action.

The Board instituted this opposition proceeding, granted opposer's motion, and immediately stayed further action in view of the civil action between the parties.

Applicant's motion for summary judgment essentially contends that the matters now decided in the civil action between the parties are *res judicata*, and fully dispose of opposer's pleaded claim in this proceeding. Applicant points out that the trial court found that Enterprise's mark

---

[8] Although some of opposer's allegations might be construed as alleging a likelihood of confusion under Trademark Act § 2(d), it appears that the parties entered into a partial consent judgment in their civil action in which they agreed and consented to judgment that there is no likelihood of confusion arising from the use of their respective marks. *Advantage v. Enterprise*, 57 USPQ2d at 1562-63. Neither party contends that likelihood of confusion is an issue in this proceeding.

was neither sufficiently distinctive nor famous to sustain an action for dilution under Trademark Act § 43(c),[9] a holding which was affirmed on appeal. *Advantage v. Enterprise*, 57 USPQ2d 1561. The Fifth Circuit remanded the case to the trial court for further proceedings on some of Enterprise's state dilution claims.[10]

### *Res Judicata*

As our primary reviewing court said recently, under the doctrine of *res judicata*,

> a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Over the years, the

---

[9] According to the Fifth Circuit,
> Enterprise did not prove that its slogan was sufficiently "famous," even within the car rental market. As the district court explained, dilution is an extraordinary remedy, and Enterprise failed to prove that such common, descriptive words as "we'll pick you up" should be given monopoly protection in favor of an early user any more than such words as "we deliver" or "we pay the postage."

*Advantage v. Enterprise*, 57 USPQ2d at 1563.
Neither the district court nor the Fifth Circuit specifically addressed the question of timing, *i.e.*, *when* the mark was (or was not) famous. Nonetheless, it is clear that both courts were convinced that the mark did not, and never had, achieved fame sufficient to support a finding of dilution under the FTDA.

[10] The Fifth Circuit found that the district court had incorrectly concluded that "fame" is a necessary element under the dilution statutes of Texas and Louisiana, and remanded for further proceedings with regard to those state claims. *Advantage v. Enterprise*, 57 USPQ2d at 1564. Notwithstanding that proceedings are apparently still ongoing with respect to the Texas and Louisiana claims, opposer does not contend that the Fifth Circuit decision is not final with respect to claims under the FTDA. *Cf. Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 57 USPQ2d 1385, (Fed. Cir. 2001), *cert. denied*, __ U.S. __, 122 S. Ct. 580 (2001) (party which failed to appeal punitive damages award may not later argue that such damages are excessive when compensatory damages are dramatically reduced on remand).

doctrine has come to incorporate common law concepts of merger and bar, and will thus also bar a second suit raising claims based on the same set of transactional facts. Accordingly, a second suit will be barred by claim preclusion if: (1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first.

*Jet, Inc. v. Sewage Aeration Systems*, 223 F.3d 1360, 55 USPQ2d 1854, 1856 (Fed. Cir. 2000) (internal citations and quotation marks omitted).

**Analysis**

There is no genuine issue of material fact at issue here. Opposer does not contend that all of the necessary elements for the application of *res judicata* have not been satisfied, or that the judgment in the civil action is not final or binding to the extent relevant here. Rather, opposer contends that were it to prevail "on any aspect of the Fifth Circuit litigation, [opposer] will obtain an injunction against [applicant] and [applicant] would absolutely be precluded from a federal trademark registration because it would not be entitled to nationwide use." Memorandum in Opposition at 1-2.

We disagree. As noted, the only matters which have not been finally decided in the civil litigation are claims for dilution under *state* statutes. But as we explained above in connection with opposer's motion to amend, such claims are not appropriate grounds for opposition and cannot be

10

considered by the Board.  Indeed, the only pleaded matter which could properly be put before us has already been decided in the civil action.[11]

Finally, while opposer "strongly disagree[s]" that its mark was not famous at the time of trial,[12] it claims that the mark has achieved fame since then.  Memorandum in Opposition at 2.  Opposer's argument is too little, too late.  Too little, because the "distinctive and famous" requirement of Trademark Act § 43(c) is a question to be determined by looking to the factors set out in the statute, not to any other standard such as those used under a particular state's dilution law, which opposer would have us import into the federal dilution statute.

More importantly, however, opposer's argument is too late, because a party seeking to invoke dilution as a ground for cancellation must establish that its mark became famous prior to applicant's first use of the mark.  *Toro Co. v. ToroHead Inc*., 61 USPQ2d 1164, 1174 n. 9 (TTAB 2001).  As noted in the Fifth Circuit's opinion, applicant has used the

---

[11] Needless to say, if the Federal court does ultimately find for opposer on one or more state claims, nothing in this decision precludes opposer from seeking from the court any remedy with respect to a resulting registration that may be appropriate.  *See* Trademark Act § 37.

[12] In opposing the motion for summary judgment, opposer takes issue with the conclusions of the district court and the Fifth Circuit.  If opposer disagreed with the outcome in the district court and the Fifth Circuit, the Board is not the appropriate forum to obtain relief.  Opposer may not collaterally attack the judicial proceedings in this forum.

mark since at least as early as 1990.  57 USPQ2d at 1562.
Since opposer could not show in district court that its mark
was ever distinctive and famous, the question of whether
opposer's mark has achieved fame *since* the earlier trial is
irrelevant.

Opposer argues, however, that we must consider the
respective rights of the parties in each geographical area
in which they do business.  Memorandum in Opposition at 6-7.
To the extent we understand it, under opposer's theory, a
dilution plaintiff need only prove that its mark became
famous in a particular geographical area prior to the
defendant's use *in that area*.  Thus, use prior to the
attainment of fame in plaintiff's mark would – at most –
preclude a finding of dilution *only* in the areas in which
the defendant had actually used the allegedly diluting mark.

Suffice it to say that we do not find opposer's
authorities – all likelihood of confusion cases decided
prior to enactment of the FTDA – persuasive support for its
theory.  Federal registration generally affords the owner
rights which are national in scope.  *See* Trademark Act
§ 7(c).  By long-standing policy, the Board will consider
geographic limitations only in the context of a concurrent
use proceeding, Trademark Rule 2.133(c); TBMP § 1101.02, and
cases cited therein, and we see nothing in the FTDA or the
TAA which would support a different result.

12

Applicant alleges use of the mark as early as 1990. Assuming such use could be proved, whether opposer's mark is famous today is of little relevance. Unless opposer can establish that its mark was famous prior to applicant's use – anywhere in the country – it cannot prevail. On this point, opposer is barred by the federal court's judgment and the doctrine of claim preclusion from attempting to prove its mark was famous prior to 1999.

After careful consideration of the evidence and argument of record, we conclude that there are no genuine issues of material fact, and that applicant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Accordingly, applicant's motion for summary judgment is GRANTED, and the opposition is dismissed with prejudice.

.oOo.